PER CURIAM.
I,Plaintiff Morning Park, L.L.C. moved to recuse a member of the court of appeal panel that heard this case. The remaining members of the panel denied the motion to recuse. We reverse that ruling, vacate the decision of the court of appeal, and transfer the case to the Court of Appeal, Second Circuit, to hear the case anew.
The underlying issue presented in this case is whether property along a major thoroughfare in Metairie, Louisiana, currently zoned residential, may be occupied commercially because of a permanent injunction secured by the current landowner’s ancestor in title preventing the defendant Parish of Jefferson from enforcing the zoning regulations. The district court ruled in favor of the plaintiff landowner, and the court of appeal reversed.
On application for rehearing, the plaintiff moved to recuse the author of the appellate court opinion, claiming it had only recently discovered a basis for recu-sal and alleging the judge was biased, prejudiced, or interested in the cause or its outcome to such an extent that the judge would be unable to conduct fair and impartial proceedings, citing La. C.C.P. art. 151(A)(4). Specifically, the plaintiff *856 alleged the judge had an interest in a corporation that was a lessee of commercial property located adjacent to the subject property, placing the corporation in direct | commercial competition with the plaintiff, and that the judge, by virtue of the judge’s interest in the corporation, had a substantial economic interest in the subject matter in controversy. Certainly, neighboring landowners and lessees would logically have an interest in the cause- and its outcome, as exemplified by the court of appeal’s grant of leave for the Whitney-Cecile Homeowners and Improvements Association, Inc. to file an amicus curiae brief; therefore, the judge’s recusal was warranted pursuant to La. C.C.P. art. 151(A)(4). Furthermore, in order to avoid even the appearance of impropriety, we are transferring this case to the Court of Appeal, Second Circuit, to be heard anew.
WRIT GRANTED; COURT OF APPEAL DECISION VACATED; CASE TRANSFERRED TO THE COURT OF APPEAL, SECOND CIRCUIT