PER CURIAM.
| plaintiffs filed the instant class action in the 19th Judicial District Court for the Parish of East Baton Rouge against defendants, seeking a refund of an $.11 per month fee on telephone bills. The proposed class was defined as “[a]ll Louisiana residents and businesses who paid one or more $1.11 telephone access line tax charges on their monthly phone bills, at any time between November 1, 1992, and April 1, 2002.”
The case was randomly allotted to Division E, presided over by Judge William Morvant. Upon plaintiffs’ motion, Judge Morvant recused himself, finding he was a potential class member. Plaintiffs filed separate and similar motions to recuse five of the remaining civil docket judges in the 19th JDC to whom the ease was subsequently reallotted. Each of the judges recused themselves.
Thereafter, the case was reallotted to Judge Janice Clark, the only remaining civil docket judge in the 19th JDC. Although plaintiffs declined to seek Judge Clark’s recusal, defendants filed a motion to recuse her. Plaintiffs opposed the motion, explaining that the recent case of Smith v. Bayer Corp., — U.S. -, 131 S.Ct. 2368, 180 L.Ed.2d 341 (2011) changed their position, and “called into question the basis for the prior recusals.”
The motion to recuse was referred to an ad hoc judge for hearing. The ad hoc judge ordered Judge Clark’s recusal, reasoning that she was interested in the cause or its outcome for purposes of La.Code Civ. P. art. 151(A)(4).
12Pefendants sought supervisory review, which the court of appeal denied, with one judge dissenting. Defendants now seek relief in this court.
La.Code Civ. P. art. 151(A)(4) provides a judge shall be recused when the judge is “interested in the cause or its outcome ... to such an extent that he would be unable to conduct fair and impartial proceedings” [emphasis added]. Applying this language, it is clear a mere finding that the judge is interested in the cause or its outcome is not sufficient to require the judge’s recusal; rather, there must be a finding the judge is interested to such an extent that he would be unable to conduct fair and impartial proceedings. Such an interpretation is consistent with the well-established jurisprudence of this court. See In re: Cooks, 96-1447 (La.5/20/97), 694 So.2d 892 (“the tantamount duty of a judge is to conduct fair and impartial proceedings”).
In the instant case, the evidence developed at the recusal hearing indicates Judge Clark’s potential interest in this case amounts to $13 in telephone charges over a period of ten years. In the absence of any evidence indicating the minimal amount at issue would affect a judge’s ability to be fair and impartial, recusal is not mandated under La.Code Civ. P. art. 151(A)(4).
In their application, plaintiffs acknowledge their earlier motions to recuse were based on erroneous legal grounds. There *302 fore, acting pursuant to our supervisory and administrative authority under La. Const. Art. V, § 5, we order this case returned to Division E, the division to which it was originally randomly allotted.
Accordingly, the writ is granted. The judgment granting recusal is reversed and set aside, and the case is hereby remanded for further proceedings to Division E of the 19th Judicial District Court for the Parish of East Baton Rouge.