KUHN, J.
| ?The Florida Parishes Juvenile Justice Commission (on behalf of the Florida Parishes Juvenile Justice District) filed suit against Hannis T. Bourgeois, L.L.P. (HTB), Charles Phillip Hebert, CPA, and Phil Hebert, CPA, for their alleged failures in detecting the theft of approximately $2,000,000 from the Cost Account of the Florida Parishes Juvenile Justice District, (District).
*861 There are pending criminal charges against. Brenda Bickford, who served as the Secretary of the Commission from 2001 until early 2011. It is alleged that Bickford created false invoices for a fictitious court reporting service, B & B Reporting, Inc., which she paid, converting the funds to her personal use.[1] The Commission alleges HTB negligently performed audits of the Commission and that the Hebert CPAs rendered bookkeeping services that were deficient in failing to detect the fraud.
HTB filed a Motion to Recuse En Banc, seeking the recusal of all judges of the 21st Judicial District (21st JDC) under La.Code Civ. P. art. 151(A)(4), which provides:
A. A judge of any court, trial or appellate, shall be recused when he:
(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties’ attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.
HTB’s argument centers on the fact that two of the members of the Commission were appointed by the judges of the 21st JDC. According to |SHTB, the actions of those two commission members, Peggy Hoover and Paul Johnson, are at issue in this civil suit. It is alleged that Johnson and Hoover signed many of the checks that were used to perpetuate the alleged fraud. The fact that these two people were appointed to the Commission by the judges of the 21st JDC directly affects how their credibility will be viewed during the trial. HTB also argues the Commission has an on-going relationship with the judges of the 21st JDC due to regular meetings with the judges in order to provide updates on the administration of the District. HTB argues such circumstances will impact the impartiality of the judges in this matter.
At the request of the judges on the 21st JDC, the supreme court appointed an independent judge, Judge Frederick Ellis, to address the Motion to Recuse. Judge Ellis denied the motion and noted in his reasons for judgment that there was no evidence of actual bias.
Although there may not have been evidence of actual bias in this case, the United States Supreme Court has recognized objective standards requiring recusal when “the probability of actual bias on the part of the judge or decision maker is too high to be constitutionally tolerable.” Caperton v. AT. Massey Coal Co., Inc., 556 U.S. 868, 877, 129 S.Ct. 2252, 2259, 173 L.Ed.2d 1208 (2009). In Caperton, the United States Supreme Court addressed the issue of whether the Due Process Clause was violated when a recusal motion was denied.
The circumstances of the present matter concern a situation wherein the judges of the 21st JDC appointed two members to the Commission. In the context of this current lawsuit, the defendants have placed the | ¿reasonableness of the actions of those Commission members at issue. As the court in Caperton noted, sometimes an inquiry asks not whether the judge is actually biased, but whether the average judge in his position is likely to be neutral or whether there is an unconstitutional “potential for bias.” Caperton, 556 U.S. at 881, 129 S.Ct. at 2262.
In the present case, not only did the 21st JDC appoint two of the Commission members, but the judges of the 21st JDC also have an ongoing relationship *862 with the Commission. Such circumstances clearly create a potential for bias. Moreover, it appears the standard for mandatory recusal has been modified by the recent decision of Tolmas v. Jefferson, 2012-0555 (La.4/27/12), 87 So.3d 855 (per curiam). In Tolmas, a landowner, whose ancestor-in-title has secured a permanent injunction preventing the Parish of Jefferson from enforcing the zoning regulations regarding its property, sued the Parish to enforce the injunction. The landowner prevailed in the district court. On appeal, the Fifth Circuit reversed. On rehearing, the landowner moved to recuse the author of the Fifth Circuit opinion on the grounds that the judge had an interest in the corporation that was the lessee of the commercial property adjacent to the property at issue, placing the corporation in direct commercial competition with the landowner-plaintiff. The other two members of the Fifth Circuit panel denied the Motion to Recuse. The plaintiff then sought writs to the supreme court, which granted writs and found the recusal was warranted, reversed the recusal decision, vacated the court’s ruling on the merits, and transferred the matter to the Second Circuit Court of Appeal to be heard anew. The supreme court noted that it was logical to conclude that ^neighboring landowners and lessees would have an interest in the outcome of the litigation, thus the judge’s recusal was warranted pursuant to La.Code Civ. P. art. 151(A)(4). The supreme court further stated that the matter should be transferred to avoid even the appearance of impropriety. Tolmas, 87 So.3d at 855.
Likewise, in the present case, it is logical to conclude that the judges of the 21st JDC would be biased in favor of witnesses whom they appointed to the Commission, and whose actions are now at issue in the present case. The on-going relationship with the Commission and the judges of the 21st JDC also leads to the logical conclusion that the judges would be biased in favor of the Commission. This is significant because HTB asserts the Commission lacked proper internal controls, which contributed to its own failure to detect the fraud.
More importantly, as the Tolmas opinion noted, the desire to avoid even the appearance of impropriety was a valid cause to warrant the transfer of the matter to another jurisdiction. Given the relationship between the judges of the 21st JDC and the members of the Commission, we find that it is paramount to avoid the appearance of impropriety, thus the district court’s ruling denying the Motion to Recuse En Bane is hereby reversed.
Finally, we also find this matter is distinguishable from the recent decision of Winkle v. Relay Administration Board, 2012-0944 (La.6/29/12), 91 So.3d 300 (per curiam), which found that a judge was not statutorily mandated to recuse herself from a class action suit in which the judge’s potential interest in the case amounted to $13 in telephone charges 1 (¡over a period of ten years. While in Winkle the court held that such an interest was not sufficient such that the judge would be unable to conduct fair and impartial hearings, we find that is not the case in the present matter. The present matter directly involves the actions of individuals placed in such a position by the judges of the 21st JDC.
Accordingly, the Motion to Recuse En Banc hereby granted.
WRIT GRANTED AND MATTER REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HUGHES, J., concurs in the result only.
PARRO, J. dissents and assigns reasons.
McDONALD, J., dissents for the reasons assigned by J. PARRO.

. The judges of the 21st Judicial District Court have recused themselves from Bick-ford’s criminal case.